UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IVAN MCKINNEY, | : |
| Plaintiff, | : Civil Action No. 14-3563 (KM) |
| v. | : |
| CHRISTOPHER HOLMES, et al., | : REPORT & RECOMMENDATION |
| Defendants. | : |

**CLARK, Magistrate Judge**

**THIS MATTER** comes before the Court on two motions by Plaintiff Ivan McKinney: (1) a motion objecting to Defendant Christopher Holmes ("Defendant Holmes") taking Plaintiff's deposition [Dkt. No. 99]; and (2) a motion to enforce a settlement agreement allegedly reached between Plaintiff and former Defendant Willie Bonds ("Defendant Bonds") [Dkt. No. 101]. Defendant Holmes opposes Plaintiff's motions [Dkt. No. 104]. For the reasons set forth below: (1) Plaintiff's motion objecting to Defendant Holmes taking his deposition [Dkt. No. 99] is **DENIED as moot**; and (2) it is respectfully recommended that Plaintiff's motion to enforce the settlement agreement [Dkt. No. 101] be **DENIED**.

**I.    BACKGROUND**

Plaintiff's Complaint in this action was filed on June 4, 2014 and arises out of Plaintiff's allegations that he was wrongfully denied medical care while incarcerated at South Woods State Prison. *See* Dkt. No. 4. Specifically, Plaintiff alleges that that the Superintendent, named by Plaintiff in his Complaint as "John Doe Superintendent," and his medical staff refused to treat Plaintiff for an umbilical hernia and inadequately cared for his knee, back and neck pain. On April 29, 2015 the Court ordered that "John Doe Superintendent – South Woods State Prison" be

1

replaced with Willie Bonds – Administrator South Woods State Prison" in this action. *See* Dkt. No. 8. Defendant Bonds is the only Defendant who was served with and responded to Plaintiff's initial Complaint.

At the conclusion of discovery, the Court granted the parties leave to file motions for summary judgment. *See* Dkt. No. 58. Defendant Bonds filed a motion for summary judgment arguing that the claims against him should be dismissed because during the time of the constitutional violation alleged by Plaintiff, Defendant Bonds was a Lieutenant at Southern State Correction Institution and was not at South Woods State Prison. *See* Dkt. No. 64-1. In response to Defendant Bonds' motion, Plaintiff claimed that Christopher Holmes was the Superintendent during the relevant time period and requested that his claims be allowed to go forward against Defendant Holmes. *See* Dkt. No. 65.

On July 26, 2018, the Court entered an Opinion and Order granting Defendant Bonds' motion for summary judgment finding that because Defendant Bonds was not the Superintendent of South Woods State Prison at the time of the alleged constitutional violation, he could not bear supervisory liability for the alleged deprivation of medical care. *See* Dkt. No. 66. Based on Plaintiff's contention that Defendant Holmes, rather than Defendant Bonds, was the Administrator of South Woods State Prison when the alleged misconduct occurred, the Court deemed the Complaint amended to include Christopher Holmes as a defendant in this matter. *Id.* Defendant Holmes was served with the Amended Complaint on March 12, 2020 [Dkt. No. 77] and filed his Answer on May 19, 2020 [Dkt. No. 78].

The Court entered a scheduling order on November 12, 2020 setting deadlines for Plaintiff and Defendant Holmes to complete discovery in this matter. *See* Dkt. No. 87. On March 25, 2021, Defendant Holmes submitted a request and proposed order permitting Defendant Holmes' counsel

and a court reporter to enter the secured perimeter of New Jersey State Prison, where Plaintiff is currently incarcerated, to take Plaintiff's deposition. *See* Dkt. No. 93. The Court granted Defendant Holmes' request on April 14, 2021. *See* Dkt. No. 97. Shortly thereafter, Plaintiff filed the motions presently pending before the Court.

In Plaintiff's first motion, which was received by the Court on April 27, 2021, Plaintiff claims that he was already deposed in this matter by counsel for Defendant Bonds, Deputy Attorney General Marvin L. Freeman, and objects to being further deposed by counsel for Defendant Holmes, Deputy Attorney General Travis M. Anderson. *See* Dkt. No. 99. In Plaintiff's second motion, which was received by the Court on April 28, 2021, Plaintiff claims that at the conclusion of his previous deposition, which was taken by Mr. Freeman, Mr. Freeman made a settlement offer to Plaintiff in the amount of $9,500. *See* Dkt. No. 101. Plaintiff contends Mr. Freeman's settlement offer resulted in a binding settlement agreement which Plaintiff now requests be enforced by the Court.

## II.  DISCUSSION

### A. Motion Objecting to Defendant Holmes' Request to Take Plaintiff's Deposition

Plaintiff claims that he has already been deposed in this matter by Mr. Freeman, counsel for Defendant Bonds, and states that he "refuses to take another deposition in this matter." Dkt. No. 99 at p. 4-5.[1] Although not cited by Plaintiff, Plaintiff's motion is governed by Federal Rule of Civil Procedure 30(a). Generally, a party does not need to obtain leave of court to take a deposition. Fed. R. Civ. P. 30(a)(1). However, pursuant to Rule 30(a)(2), "[a] party must obtain

---

[1] In addition to objecting to Defendant Holmes' request to take his deposition, Plaintiff's motion "ask[s] that the Court look into [his] medical records being illegally obtained" by Defendant Holmes. Dkt. No. 99 at p. 8. According to Defendant Holmes, Plaintiff's medical records were properly obtained pursuant to N.J.A.C. § 10A:22-25, which provides that inmate records "may be made available to . . . [t]he Attorney General." Plaintiff has failed to provide any evidence that his medical records were improperly obtained or shared. Accordingly, any request for relief related to Defendant Holmes' possession of Plaintiff's medical records is DENIED.

3

leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(1) and (2)" if the parties have not stipulated to the deposition and the deponent has already been deposed in the case.

Although Plaintiff filed the motion now before the Court related to his deposition, because Plaintiff has undisputedly been deposed in this matter previously, it is Defendant Holmes who must obtain the Court's leave to conduct any additional depositions of Plaintiff pursuant to Rule 30(a)(2). Defendant Holmes claims that the Court's April 14, 2021 Order [Dkt. No. 97] granted leave for Defendant Holmes to depose Plaintiff. Dkt. No. 104 at p. 2. While Defendant Holmes is correct that the April 14, 2021 Order satisfies his obligations under Rule 30(a)(2)(B), which requires a party to obtain leave of court for a deponent confined in prison, the Order explicitly states that nothing therein "shall be construed as reading that Plaintiff shall be compelled to provide testimony or otherwise participate in any such deposition" and thus does not address Defendant Holmes' obligations under Rule 30(a)(2)(A)(ii). Dkt. No. 97 at p. 2. Because Defendant has not obtained the leave of court required under Rule 30(a) to conduct an additional deposition of Plaintiff, Defendant is not permitted to do so at this juncture and Plaintiff's motion is therefore **DENIED as moot**. The Court will, however, permit Defendant to file a proper motion seeking leave to conduct an additional deposition of Plaintiff in accordance with Rule 30(a) within fourteen (14) days from the date of this Order. Plaintiff may oppose any such motion.

### B. Motion to Enforce Settlement Agreement

Plaintiff claims that "on or about early 2018 or late 2017" he was deposed in this matter by Mr. Freeman. Dkt. No. 101 at p. 2. According to Plaintiff, at "the end" of his deposition, he spoke with Mr. Freeman and "agreed on $9,500 for the case." *Id.* Mr. Freeman, however, "did not keep his end of the deal and filed for summary judgment." *Id.* at p. 3. In his present motion, Plaintiff

4

seeks enforcement of the alleged "oral agreement of $9,500" entered into by Plaintiff and Mr. Freeman. Defendant opposes Plaintiff's motion, claiming that Plaintiff has not provided any "evidence of a memorialized settlement agreement" and that "the record belies the argument that [Defendant] Bonds intended to settle the case." Dkt. No. 104 at p. 5.

The law governing the enforcement of a settlement agreement holds that a settlement agreement between parties to a lawsuit is a contract like any other contract. *Peskin v. Peskin*, 638 A.2d 849, 857 (N.J. Super. Ct. App. Div. 1994) (citing *Nolan v. Lee Ho*, 577 A.2d 143, 146 (N.J. 1990)). A contract is formed where there is offer and acceptance and terms sufficiently definite that the performance to be rendered by each party can be ascertained with reasonable certainty. *U.S. v. Lightman*, 988 F. Supp. 448, 458 (D.N.J. 1997) (citing *Weichert Co. Realtors v. Ryan*, 128 N.J. 427, 435, 608 A.2d 280 (1992)). That contract is enforceable if the parties agree on essential terms and manifest an intention to be bound by those terms. *Id.* Where the parties do not agree on one or more essential terms, however, courts generally hold that the agreement is unenforceable. *Id.*

A settlement agreement need not be reduced to writing to be binding. *Vandergrift v. Pennsauken School District*, 2017 WL 6566139, at *4 (D.N.J. 2017). "So long as the basic essentials are sufficiently definite, any gap left by the parties should not frustrate their intent to be bound." *Id.* (citing *Hagrish v. Olson*, 254 N.J. Super. 133, 138, 603 A.2d 108 (App. Div. 1992) (citation and quotation omitted)). "Where the parties agree upon the essential terms of a settlement, so that the mechanics can be 'fleshed out' in a writing to be thereafter executed, the settlement will be enforced notwithstanding the fact the writing does not materialize because a party later reneges." *Lahue v. Pio Costa*, 263 N.J. Super. 575, 596 (App. Div.) (quoting *Bistricer v. Bistricer*, 231 N.J. Super. 143, 145 (Ch. Div. 1987)), *certif. denied*, 134 N.J. 477 (1993). The addition of

terms to effectuate the settlement that do not alter the basic agreement will not operate to avoid enforcement of an agreement to settle a litigated matter. *Bistricer*, 231 N.J. Super. at 148, 151.

The party seeking to enforce the alleged settlement agreement has the burden of proving the existence of the agreement under contract law. *Lightman*, 988 F. Supp. at 458 (citations omitted). Courts treat a motion to enforce settlement under the same standard as a motion for summary judgment because the central issue is whether there is any disputed issue of material fact as to the validity of the settlement agreement. *Washington v. Klem*, 388 F. App'x 84, 85 (3d Cir. 2010) (citing *Tiernan v. Devoe*, 923 F.2d 1024, 1031 (3d Cir. 1991)).

A motion for summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those facts "that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A factual dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation and internal quotation marks omitted). The same standards apply when addressing cross-motions for summary judgment. *See Lawrence v. City of Phila.*, 527 F.3d 299, 310 (3d Cir. 2008). If upon review of cross-motions, the court finds "no genuine dispute over material facts," then judgment may be entered "in favor of the party deserving judgment in light of the law and undisputed facts." *Iberia Foods Corp. v. Romeo*, 150 F.3d 298, 302 (3d Cir. 1998).

As the party seeking to enforce the alleged settlement, Plaintiff bears the burden of proving the existence of the agreement under contract law. *Lightman*, 988 F. Supp. at 458 (citations omitted). According to Plaintiff, the oral agreement to settle this matter was entered into at the conclusion of his deposition "in early 2018 or late 2017." Dkt. No. 101 at p. 2. The Court held a telephone status conference with the parties in this matter on June 17, 2017 to address, among other issues, Plaintiff's refusal to participate in his deposition on June 9, 2017. Following the telephone conference, the Court entered an Order requiring Plaintiff to be deposed by Defendant in person and advising Plaintiff that any failure to participate in his deposition may result in sanctions. Dkt. No. 52. The Court held subsequent telephone conferences with the parties on August 29, 2017 and October 23, 2017. Following the October 23, 2017 telephone conference, the Court entered an Order giving the parties leave to file motions for summary judgment and setting deadlines for any such filings. *See* Dkt. No. 58. Although Plaintiff claims that the parties entered into an oral settlement agreement at the conclusion of his deposition and that Mr. Freeman "did not keep his [end] of the deal and filed for summary judgment," at no time during the August 29, 2017 or October 23, 2017 telephone conferences or in any subsequent filings with the Court related to Defendant's motion for summary judgment did Plaintiff mention the existence of any purported settlement agreement. Dkt. No. 101 at p. 2-3.

Defendant Bonds' motion for summary judgment was granted on July 26, 2018, and the Complaint was amended to name Defendant Holmes. Following the filing of Defendant Holmes' Answer to the Amended Complaint in May 2020, Plaintiff submitted a letter to the Court, dated June 7, 2020, which was addressed and sent to the Court but appears to be directed to Mr. Freeman. *See* Dkt. No. 80. In his June 7, 2020 letter, Plaintiff contends that Defendant Holmes has not yet answered the Amended Complaint and inquires whether his failure to answer "is a sign that

7

[Defendant Holmes is] willing to settle." *Id.* at p. 1. If Defendant Holmes' purported failure to answer is indeed a sign that he is "willing to settle," Plaintiff's letter conveys his willingness to settle "between 8,500 and 10,000." *Id.* According to Plaintiff's letter, he had discussed a settlement "between 8,500 and 10,000" after his deposition with Mr. Freeman but now "realize[s] that [he] was to [sic] far apart when [Mr. Freeman] spoke the above numbers." *Id.* No response to Plaintiff's letter was filed.

Thereafter, Plaintiff submitted another letter to the Court, dated July 14, 2020, which was addressed to Mr. Anderson, counsel for Defendant Holmes. *See* Dkt. No. 81. In his July 14, 2020 letter, Plaintiff advises Mr. Anderson that although the Court had previously inquired on several occasions whether the parties had "thought about settling the case," Plaintiff's settlement demand "on paper . . . was way higher than what Mr. Freeman was thinking." *Id.* at p. 2. Plaintiff's letter continues to state that "at this time [he is] willing to settle the case at a real reasonable rate instead of dragging it on" and requests that Mr. Anderson "set up a settlement conference" with the Court. *Id.* at p. 2-3. Defendant responded to Plaintiff's letter stating that he had advised Plaintiff that "Defendant Holmes is not interested in settlement." Dkt. No. 82 at p. 1.

Plaintiff first claimed that the parties had previously agreed to settle this matter for the specific sum of $9,500 in a letter to the Court dated March 2, 2021. *See* Dkt. No. 92. In Plaintiff's March 2, 2021 letter, Plaintiff claims that during previous attempts to reach a settlement, the parties "were way off in [their] negotiations as far as an amount" but that at the end of Plaintiff's deposition, Mr. Freeman made an oral agreement with Plaintiff for $9,500. *Id.* at p. 1. Plaintiff's letter further claims that "case law from [the United States Court of Appeals for the Third Circuit] stipulates the [Attorney General's] office to [the] oral agreement on the 9,500." *Id.*

The Court held a telephone status conference with the parties on April 14, 2021 and entered an Order scheduling a settlement conference with the parties on May 10, 2021. *See* Dkt. No. 98. In advance of the scheduled settlement conference, Plaintiff submitted a letter to the Court reiterating his prior claims that Mr. Freeman "agreed to be willing in settling for 9,500" and stating that he would be "starting his demand at 15,000 at this time." Dkt. No. 100 at p. 2, 4. Prior to the settlement conference scheduled with the Court on May 10, 2021, Plaintiff filed the present motion, dated April 20, 2021 seeking the enforcement of his purported agreement to settle this matter with Mr. Freeman for $9,500.

It is clear from the version of events set forth in Plaintiff's various letters submitted to the Court throughout the course of this matter that no enforceable agreement to settle this matter for $9,500 was reached between Plaintiff and Mr. Freeman on behalf of Defendant Bonds.  To the extent that there was a settlement offer made by Mr. Freeman at the conclusion of Plaintiff's deposition as alleged by Plaintiff, it is evident that the parties never agreed upon essential terms. First, upon review of Plaintiff's various letters, it is apparent that Plaintiff did not believe the parties agreed on a specific sum but rather that Mr. Freeman purportedly made an offer for an amount somewhere between $8,500 and $10,000. Secondly, in recounting the purported settlement discussions between himself and Mr. Freeman, Plaintiff plainly states that he did not accept any settlement offer made by Mr. Freeman because his settlement demand was "way higher than what Mr. Freeman was thinking." Dkt. No. 81 at p. 2. Because there was never an offer or acceptance of any essential terms of a settlement, including the amount of the settlement, the Court finds that no enforceable agreement between the parties was reached. Accordingly, it is respectfully recommended that Plaintiff's motion to enforce the settlement agreement be **DENIED**.

## IV. CONCLUSION AND ORDER

In light of the foregoing, and the Court having considered this matter pursuant to Fed. R. Civ. P. 78;

**IT IS** on this 23rd day of November, 2021,

**ORDERED** that Plaintiff's motion objecting to Defendant Holmes' request to take his deposition [Dkt. No. 99] is **DENIED as moot**; and it is further

**RECOMMENDED** that Plaintiff's motion to enforce a settlement agreement [Dkt. No.101] be **DENIED**; and it is further

**ORDERED** that pursuant to L. Civ. R. 72.1 and Fed. R. Civ. P. 72, objections to this Report and Recommendation shall be filed within fourteen (14) days after service hereof. Any party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

    s/ James B. Clark, III  
**JAMES B. CLARK, III**  
**United States Magistrate Judge**