UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IVAN MCKINNEY,<br><br>　　　　Plaintiff,<br><br>v.<br><br>CHRISTOPHER HOLMES, et al.,<br><br>　　　　Defendants. | Civ. No. 14-3563 (KM)(JBC)<br><br>OPINION |

**KEVIN MCNULTY, U.S.D.J.:**

**Background**

This matter comes before the Court on the motion of the plaintiff, Ivan McKinney, a frequent *pro se* prisoner litigant before this Court. He seeks to enforce an alleged oral settlement agreement. Magistrate Judge James B. Clark filed a Report and Recommendation ("R&R") that I deny the motion, to which McKinney objected. For the reasons provided herein, I will **DENY** McKinney's objection and **ADOPT** the Report and Recommendation of Judge Clark.[1]

When a magistrate judge addresses a motion that is considered "dispositive," such as a motion to enforce a settlement agreement, a magistrate judge submits a report and recommendation to the district court. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72; L. Civ. R. 72.1 (c)(2). When a party objects to a report and recommendation, "the district court must make a *de novo* determination of those portions to which the litigant objects." *Leonard Parness Trucking Corp. v. Omnipoint Commc'ns, Inc.*, 2013 WL 6002900, at *2 (D.N.J. Nov. 12, 2013); 28 U.S.C. § 636(b)(1)(C). The district court "may accept, reject,

---

[1] Judge Clark's Report and Recommendation also denied as moot defendant's request to depose McKinney, without prejudice to a formal motion to do so. (R&R at 4.) No objection to that portion of the R&R was made, and defendant has filed a motion for leave to depose McKinney (DE 110), so I focus solely on the settlement issue.

1

or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

McKinney alleges in his complaint that the administrator of the prison at which he is incarcerated violated his Eighth Amendment rights by denying him needed medical care. (R&R at 1.) In April 2021, McKinney filed a motion to enforce an oral settlement agreement, in which he asserted that in "early 2018 or late 2017," after his deposition, Deputy Attorney General Marvin Freeman agreed to settle the case for $9,500. (Mot. at 2–3.) McKinney claims that Freeman then broke their agreement, and instead filed a motion for summary judgment on January 24, 2018. (DE 64.) Defendant denies that any settlement agreement was reached. (Opp. at 5.) Judge Clark, having thoroughly examined the record, found that McKinney could not meet his burden to demonstrate that an enforceable agreement had been reached, and recommended that McKinney's motion to enforce the settlement be denied. (R&R at 9.) McKinney filed an objection in which he essentially reiterated the position he took before the Magistrate Judge. (DE 111.)

**Discussion**

After undertaking a *de novo* review of the record, I accept Judge Clark's findings and adopt his recommendation in full, writing briefly only to express my endorsement of his reasoning. Judge Clark noted initially that a settlement agreement, like many a contract, may be enforceable if there is an offer and acceptance, and the essential terms are sufficiently definite. (R&R at 5.) The party seeking to enforce the agreement has the burden, and the court will employ the familiar summary judgment standard to the factual submissions. (*Id.* at 6 (citing *Washington v. Klem*, 388 F. App'x 84, 85 (3d Cir. 2010)).) On that score, I note that neither party submitted factual affidavits, although the defendant did file certain exhibits. (DE 104.)

Judge Clark related that the deposition of McKinney occurred in approximately June 2017; that two telephone conferences followed in August and October 2017; and that the Court, without objection, scheduled the filing of summary judgment motions. McKinney did not at the time draw the Court's

2

attention to any settlement, nor did he assert it in connection with summary judgment papers. Nor did McKinney then assert that, in filing a motion for summary judgment, defense counsel "did not keep his [end] of the deal," as he now claims. (R&R at 7.)

McKinney sent a letter, addressed to Deputy Attorney General Freeman (counsel for defendant Bonds) and filed with the Court on June 11, 2020. (DE 80.) In that letter, McKinney refers to the discussion following his 2017 deposition, but clearly indicates that the parties did *not* reach a settlement at that time:

> If this is a sign that you are willing to settle, I am willing to between 8,500 -10,000. After the deposition when we had talked I realize I was to far apart when you spoke the above numbers.

(DE 80.) At most, it seems, a range of numbers was floated, but the parties remained "to[o] far apart."

McKinney wrote a second letter, addressed to DAG Anderson (counsel for Holmes) and filed with the court on July 23, 2020. (DE 81.) This letter, too, definitively establishes Mr. McKinney's own understanding that there was no settlement agreement in place:

> Please be advised, Hon. Judge James B. Clark had many phone conferences with myself and your predecessor Marvin Freeman. And on several occasions the 2 of us was asked if we thought about settling the case. Well on paper I was way higher than what Mr. Freeman was thinking. . . . [McKinney then summarizes certain documents and discovery he needs to go forward.] I hope you would entertain settling prior to the extra work. . . . At this time, im willing to settle the case at a real reasonable rate instead of dragging it on. . . . P.S  (A) Please set up a settlement conference with Hon. Judge Clark. (B) In the alternative please set up a status conference.

(DE 81 at 1–2.) DAG Anderson, in a letter to the Court, confirmed that he had responded to McKinney in writing that the defendant was not interested in settlement. (DE 82.)

The case continued. Judge Clark ordered the parties to propose a schedule for further discovery. Defense counsel submitted a proposal. (DE 84.) McKinney sent the court two letters, dated October 13 and November 5, 2020, requesting a conference so he could receive "the Court's guidance as per a Scheduling Order." (DE 85, 86.) Judge Clark eventually entered a schedule. On March 4, 2021, McKinney wrote the court stating that he had furnished discovery responses, and requesting an amendment to the discovery scheduling order. (DE 90.)

By letter filed March 12, 2021, for the first time, Mr. McKinney asserted that he and Mr. Freeman had agreed to settle the case for $9,500 at the time of his deposition, nearly four years previously. (DE 92.) His motion to enforce settlement followed on April 28, 2021. (DE 101.)

I agree with Judge Clark that this course of events evinces a clear understanding by Mr. McKinney that no settlement had been reached. At most, it seems that someone floated the idea of settling in the range of $8,500 to $10,000, but the parties remained "to[o] far apart," in Mr. McKinney's words. In addition, Mr. McKinney's account lacks specificity; he does not describe what the parties actually said, but merely states summarily, years after the fact and in contradiction to his own previous statements, that he and Mr. Freeman "agreed." (DE 101 at 2.) I agree with Judge Clark that no reasonable fact finder could conclude that there was an offer and acceptance on terms specific enough to constitute an enforceable agreement.[2]

---

[2] If that were not sufficient, Judge Clark could rightly have found that Mr. McKinney, by his words and conduct, waived and was judicially estopped from asserting that the case had been settled in 2017. Mr. McKinney, without invoking that alleged settlement, continued to litigate the case for three to four years, consuming the resources of the parties and the court. And in the course of doing so, he affirmatively represented to adversary counsel and the Court, in letters which he filed on the docket, that the parties had *not* reached agreement. By switching positions at this late date, McKinney is playing fast and loose with the Court in an unconscionable manner. *See generally Montrose Med. Grp. Participating Sav. Plan v. Bulger*, 243 F.3d 773, 779 (3d Cir. 2001) (general discussion of judicial estoppel); *Robinson v. First State Cmty. Action Agency*, 920 F.3d 182, 187 (3d Cir.) (defining waiver as the "intentional relinquishment or abandonment of a known right."); *Gray Holdco, Inc. v. Cassady*, 654 F.3d 444 (3d Cir. 2011) (party's waiver of right to arbitrate by engaging in district

## CONCLUSION

For the reasons set forth above, McKinney's motion to enforce the settlement agreement (DE 101) is **DENIED** and Judge Clark's Report and Recommendation (DE 107) is **ADOPTED.** An appropriate order follows.

Dated: December 20, 2021

/s/ Kevin McNulty

**Kevin McNulty**
**United States District Judge**

---

court litigation). So even if McKinney did have the right to enforce the settlement when it was allegedly made in 2017, a finding I do not make, he would have forfeited that right by failing to assert it before 2021.

Finally, if there were an affidavit by Mr. McKinney—which there is not—it could be found, consistent with summary judgment standards, to be a "sham affidavit." *See In re CitX Corp., Inc.*, 448 F.3d 672, 679 (3d Cir. 2006) (explaining that trial courts consistently disregard "an offsetting affidavit that is submitted in opposition to a motion for summary judgment when the affidavit contradicts the affiant's prior deposition testimony"); *see also Daubert v. NRA Grp., LLC*, 861 F.3d 382, 392 (3d Cir. 2017).