UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IVAN G. McKINNEY, | Civil Action No. 14-3563 (SDW-JBC) |
| Plaintiff, | |
| v. | MEMORANDUM ORDER |
| CHRISTOPHER HOLMES, et al., | |
| Defendants. | |

This matter comes before the Court upon the request for appointment of pro bono counsel by Plaintiff Ivan G. McKinney, *pro se*, in this prisoner civil rights action under 42 U.S.C. § 1983 (*See* Am. Compl., ECF No. 70; Letter, ECF No. 165). On February 8, 2024, the Honorable Magistrate Judge James B. Clark granted the parties leave to file dispositive motions, including summary judgment, by April 9, 2024. (ECF No. 162). Plaintiff now seeks appointment of *pro bono* counsel to assist him in obtaining documents that he deems necessary to defend a motion for summary judgment by Defendants. (ECF No. 165). Plaintiff was previously appointed pro bono counsel, limited to representation at mediation. (*Id.*) The case did not settle as a result of the mediation. (*Id.*)

Pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." Plaintiff was granted IFP status when he filed this matter many years ago. (ECF No ). This Court will assume, for purposes of determining Plaintiff's request for appointment of pro bono counsel, that he remains indigent. The first consideration for a district court faced with a request for appointment of pro bono counsel is to determine whether the claims at issue have some merit in fact and law. *Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993). Upon review, the amended complaint has potential merit. Therefore, this Court must consider additional

1

factors, including but not limited to: (1) the plaintiff's ability to present his case, based on his education, literacy, prior experience, and restraints imposed by confinement; (2) the difficulty of the particular legal issues; (3) the ability of the plaintiff to pursue factual investigation; (4) the complexity of discovery; (5) and whether the case will turn on witness credibility. *Id.* at 156-57. Plaintiff submits that summary judgment will turn on the credibility of Defendant Holmes, whom Plaintiff recently attempted, without success, to subpoena. (ECF No. 165.) Due to his incarceration, Plaintiff requires assistance in serving the subpoena and opposing the motion for summary judgment. (*Id.*)

Given the age of the case and prior opportunity for discovery, it is unlikely that additional discovery will be permitted. Moreover, Defendants have not yet filed a motion for summary judgment. It is not clear, as Plaintiff predicts, that further discovery is appropriate or necessary to oppose Defendants' motion for summary judgment. Based on Plaintiff's demonstrated ability to represent himself throughout the extensive proceedings in this case, this Court finds appointment of pro bono counsel is not warranted at this time.

**IT IS THEREFORE** on this  2nd   day of    April     2024,

**ORDERED** that Plaintiff's request for appointment of pro bono counsel (ECF No. 165) is **DENIED** without prejudice; and it is further

**ORDERED** that the Clerk shall serve a copy of this Order on Plaintiff by regular mail and on Defendants electronically.

_____
Hon. Susan D. Wigenton,
United States District Judge