UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IVAN G. MCKINNEY, | Civil Action No: 14-3563 (SDW) (JBC) |
| Plaintiff, | |
| v. | **WHEREAS OPINION** |
| CHRISTOPHER HOLMES, *et al.*, | |
| Defendants. | January 16, 2025 |

**WIGENTON**, District Judge.

**THIS MATTER** having come before this Court upon *pro se* Plaintiff Ivan G. McKinney's ("Plaintiff") motion for reconsideration (ECF No. 185 ("Motion")) filed in connection with this Court's October 1, 2024 Opinion and Order granting Defendant Christopher Holmes's motion for summary judgment (ECF Nos. 183, 184); and

**WHEREAS** a party moving pursuant to Federal Rule of Civil Procedure ("Rule") 59(e) for reconsideration of an order of this Court must file its motion within 28 days after the entry of that order. Fed. R. Civ. P. 59(e). The scope of such a motion "is extremely limited"; it is not "an opportunity to relitigate the case." *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011). A Rule 59(e) motion may only be granted if the moving party shows "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [reached its original decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Id.* (quotation marks and italics omitted); and

2

**WHEREAS** Plaintiff's Motion must be denied because it fails to identify any intervening change in the relevant law, new evidence that was unavailable at the time this Court entered its order, or an error of fact or law that, if left uncorrected, would result in manifest injustice. Moreover, Plaintiff has failed to carry his burden of establishing that he is entitled to relief under Rule 59(e); therefore,

Plaintiff's Motion is **DENIED**. An appropriate order follows.

_____
**SUSAN D. WIGENTON, U.S.D.J.**